UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JAMES PAPIASHVILI,

                      Plaintiff,         FIRST AMENDED COMPLAINT
                                                      13 CV 3411(HB)(KNF)

                - against -

THE CITY OF NEW YORK, EDWIN
ESTRADA, DWAYNE FRANCIS, ANTHONY
GARITTA, RAMOND PALTOO, and ROBERT
HAWKINS, employees of the New York City
Police Department,
                                                 Jury Trial Demanded
                      Defendants.

-----------------------------------------------------------------x

       James Papiashvili, by his attorney, The Law Office of Fred Lichtmacher, PC, alleges the following upon information and belief as his First Amended Complaint:

### Nature of the Action

1.    This civil rights action arises from defendants subjecting James Papiashvili to unreasonable conditions of confinement after arresting him for a low-level marijuana offense in January 2013.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff James Papiashvili is a citizen of the United States of America residing in the State and City of New York, County of Queens. He is in his mid-twenties, approximately five foot ten inches in height and heavy set.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants EDWIN ESTRADA, DWAYNE FRANCIS, RAMOND PALTOO, ROBERT HAWKINS and ANTHONY GARITTA were at all times relevant duly appointed and acting police officers employed by the New York City Police Department and assigned, upon information and belief, as Detectives in the Queens North Narcotics Division and/or the 104th Precinct.

7. Defendants ESTRADA, FRANCIS, PALTOO, GARITTA and HAWKINS (together, the "individual defendants") are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Papiashvili was subjected despite having a reasonable opportunity to do so. They are sued in their individual capacity.

8. The individual defendants were at all times relevant acting under color of state law.

9. The individual defendants were at times relevant agents, servants and employees acting within the scope of their employment by defendant City of New York.

## Notice of Claim

10. On or about January 23, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12. The Notice of Claim set out the nature of claims, the time when, the place where and manner by which claims arose, and the damage and injuries claimed to have been sustained.

13. The City of New York assigned the claim number 2013PI002814.

14. On February 25, 2013, plaintiff's testimony was taken pursuant to General Municipal Law §50-h.

15. The City of New York has neglected and failed to adjust the claims within the statutory time period.

16. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

17. On January 21, 2013 at approximately 6:00 p.m. at and around 70-02 Cooper Avenue in Queens, plaintiff was arrested by defendant ESTRADA and FRANCIS for possession of a small amount of marijuana, less than a gram.

18. Plaintiff was seated in a parked car which had been driven by a friend when defendants ESTRADA and FRANCIS approached the vehicle and, among other things, unlawfully searched Mr. Papiashvili.

19. Defendants ESTRADA or FRANCIS ordered plaintiff to empty his pockets and, when he complied with the order, less than a gram of marijuana was found. Later on, defendant FRANCIS, in support of a criminal prosecution against Mr. Papiashvili, falsely reported that two bags of marijuana in public view were recovered from the back seat of the automobile where Mr. Papiashvili had put them.

20. Defendants ESTRADA or FRANCIS handcuffed plaintiff with a single handcuff, inappropriate for a man of plaintiff's girth. Nor were the cuffs double locked to prevent the cuffs from tightening.

21. Mr. Papiashvili was then placed in a windowless Police Department van which was driven by defendants PALTOO, GARITTA and HAWKINS.

22. That might have pretty much been the end of it except that Mr. Papiashvili, after being handcuffed by ESTRADA or FRANCIS and placed in the van operated by defendants, was, pursuant to municipal policy, practice or custom, not secured with seatbelts and driven about for five or more hours, causing annoyance, anxiety and, eventually, physical injury.

23. The individual defendants, rather than take Mr. Papiashvili to a Precinct Stationhouse for arrest processing, compelled plaintiff to be driven with other prisoners for more than five hours while rear-cuffed without a seatbelt restraint while the individual defendants engaged or attempted to engage in further arrest activities.

24. During his confinement in the van, plaintiff gripped and positioned himself as well as he could so as not to fall or be thrown from the seat.

25. The handcuffs became tighter and tighter and the pain increased. The individual defendants ignored plaintiff's complaints, and did not loosen the cuffs, double lock the cuffs so that they would stop tightening, or double cuff plaintiff.

26. By the time the ride was over and plaintiff and the other prisoners at last arrived at the 104th Precinct Stationhouse, the handcuffs had injured both of plaintiff's wrists.

27. The pain and numbness to plaintiff's left wrist lasted about two weeks. The pain and injury to his right wrist also improved over the two weeks after the incident, but plaintiff still presently suffers from pain and diminished use of his right wrist. Plaintiff is right-handed.

28. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the conduct to which they subjected Mr. Papiashvili.

29. Defendants' acts and omissions caused Mr. Papiashvili to suffer mental and emotional upset and trauma, fear, and deprivation of his constitutional rights, among other injuries.

30. Defendants' acts and omissions caused Mr. Papiashvili to suffer physical injury and pain, including, among other injuries, pain and disability to both his wrists.

31. The individual defendants, at all times relevant, and in unlawfully searching plaintiff, improperly handcuffing him, ignoring his complaints and riding him around for hours rather than promptly processing his arrest, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

32. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

33. By the actions described above, the individual defendants deprived Mr. Papiashvili of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to, the right to be free from unreasonable searches and conditions of confinement.

34. As a consequence thereof, James Papiashvili has been injured.

### SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

35. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

36. By the actions described above, the individual defendants deprived James Papiashvili of rights secured by the New York State Constitution, including, but not limited to, the right to be free from unreasonable searches and conditions of confinement.

37. As a consequence thereof, James Papiashvili has been injured.

### THIRD CLAIM FOR RELIEF FOR ASSAULT

38. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

39. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

40. As a consequence thereof, James Papiashvili has been injured.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

41. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

42. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

43. As a consequence thereof, James Papiashvili has been injured.

### FIFTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

44. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

45. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Papiashvili was subjected, despite having a reasonable opportunity to do so.

46. As a consequence thereof, James Papiashvili has been injured.

## SIXTH CLAIM FOR RELIEF FOR NEGLIGENCE

47. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

48. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police Officers, including instructing, supervising, monitoring and controlling the individual defendants herein.

49. Defendant City's failure to adequately train, supervise, monitor or control directly resulted in the unreasonable and unlawful conditions of confinement of James Papiashvili and other arrestees.

50. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to secure and safeguard Mr. Papiashvili from injury when plaintiff was arrested, handcuffed and confined in the back of a police van for more than five hours.

51. As a consequence thereof, James Papiashvili has been injured.

## SEVENTH CLAIM FOR RELIEF
### AGAINST THE CITY OF NEW YORK

52. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

53. The City of New York directly caused the constitutional violations suffered by plaintiff.

54. Plaintiff was subjected to excessive and unreasonable detention, to unreasonable and excessive force and to unreasonable conditions of confinement when he was handcuffed and driven around for many hours without seatbelt restraints before being taken to a Precinct Stationhouse for arrest processing.

55. It is the policy, custom and practice of the City of New York's Police Department, including its Narcotics and Vice units, to drive all arrestees around rear-cuffed in vans for many hours until all of the operations for a tour are completed and only then bringing all of the arrestees to a Stationhouse for arrest processing, at which time the prisoners are finally uncuffed.

56. The City of New York was and is aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that prisoners are injured by this policy, custom and practice of excessive detention and handcuffing.

57. As a consequence thereof, James Papiashvili has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that plaintiff's rights to be free from unreasonable searches and seizures under the United States and New York State Constitutions were violated, together with:

(A) Compensatory damages in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendants White and Holder in an amount to be fixed at trial;

(C) An award to plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988; and

(E) Such other and further relief as this Court may deem just and proper.

Dated: September 11, 2013
      New York, New York

                                  The Law Office of Fred Lichtmacher, PC
                                   *Attorney for Plaintiff*
                                  350 Fifth Avenue, Suite 7116
                                  New York, York 10118
                                  (212) 922-9066

                                  _____
                                  By: Fred Lichtmacher